

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NUMBER: 06-321 |
| v. | UNDER SEAL |
| MICHAEL FEENEY | FILED |
| Defendant. | OCT 2 6 2006 |
| | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

### GOVERNMENT'S MOTION TO SEAL THE PLEA PROCEEDINGS, ALL DOCUMENTS RELATED TO THE PLEA AND ANY TRANSCRIPT THEREOF AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the plea, plea proceedings, and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a criminal Information charging him with Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine, 21 U.S.C. Section 846, and Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance, 21 U.S.C. Section 856(a)(2), Unlawful Distribution of Methamphetamine, 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C), and Criminal Forfeiture, 21 U.S.C. Section 853.

The sealing is necessary because the plea agreement and related pleadings contain sensitive

The sealing is necessary because the plea agreement and related pleadings contain sensitive information, disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning his having a pending case in this District, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, and innocent third parties, at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk

to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the plea agreement and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) there is no longer a substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel has been advised of the contents of this motion and has informed the undersigned prosecutor of counsel's support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498-610

By:   ELISA POTEAT
Bar No. 420-604
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of this motion has been served by U.S. Mail, postage prepaid, and by fax on counsel for the defendant,

Howard Katzoff, Esquire
717 D Street, NW, Suite 310
Washington, D.C. 20004


this _____ day of October 2006.

 

                                                                  ELISA POTEAT
                                                                  ASSISTANT UNITED STATES ATTORNEY